**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Rendon,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Circle K Stores Incorporated and Christopher Bradley Larson-Jarvis,<br><br>　　　　　Defendants. | No. CV-19-05875-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Circle K Stores Inc.'s Partial Motion to Dismiss Plaintiff's Complaint.[1] (Docs. 17, "Mot.") Plaintiff Cynthia Rendon responded,[2] and Circle K replied. (Doc. 19, "Resp."; Doc. 20, "Reply.") Neither party requested oral argument and the Court finds a hearing unnecessary to resolve this motion. LRCiv 7.2(f). After considering the complaint,[3] pleadings, and relevant law, Circle K's motion will be granted, and the complaint will be dismissed with leave to amend.

**I.    BACKGROUND**

Ms. Rendon began working part-time at a convenience store in Arizona back in 2018. (Doc. 1, "Compl." ¶ 9.) Shortly after beginning work there, Circle K bought the store

---

[1] The other defendant, Christopher Bradley Larson-Jarvis, is not a party to this motion.
[2] Ms. Rendon supplemented her response with a document titled "Citation of Supplemental Authorities in Support of Plaintiff's Response to Defendant Circle K's Partial Motion to Dismiss." (Doc. 22.) That document and the two supplemental authorities cited within have been considered by the Court. (*See* Doc. 22.)
[3] Ms. Rendon's complaint incorporates her Equal Employment Opportunity Commission Charge of Discrimination and Right to Sue Letter under Federal Rule of Civil Procedure 10(c). (Doc. 1, "Compl." ¶ 8.) Although inadvertently omitted as exhibits to the complaint, they were filed later. (*See* Doc. 6-1 at 2, 4.)

and hired her on as a customer service representative. (*Id.* ¶¶ 1-2, 4, 8-9.) While working for Circle K, she was supervised by store manager and customer service representative Christopher Bradley Larson-Jarvis, whom she had become acquainted with as a customer before she was hired. (*Id.* ¶¶ 3, 8-9.) Ms. Rendon's complaint arises out of Mr. Larson-Jarvis' conduct at Circle K in his office on October 29, 2018.[4] (*Id.* ¶¶ 8-13.)

On that day, Ms. Rendon stopped at the Circle K where she worked to grab a coffee on the way to her other job. (*Id.* ¶¶ 8, 10.) When she arrived, one of her co-workers who was working at the time told her to ask Mr. Larson-Jarvis, who was in the back office of the store, to cover for him while he went to the bathroom. (*Id.* ¶¶ 8, 11.) Ms. Rendon went into the back office, but could not find him. (*Id.* ¶¶ 8, 11-12.) Then, unsuspectingly, Mr. Larson-Jarvis, who was "hiding where the 'soda bibs' are kept," "jumped out and closed and locked the office door behind [Ms.] Rendon and proceeded to forcibly sexually assault her in a portion of the office where there was no surveillance coverage." (*Id.* ¶¶ 8, 12.) Ms. Rendon was "shocked, embarrassed, and humiliated" and immediately left the store, but did not report the incident. (*Id.* ¶¶ 8, 13.) Just a little while afterwards, Mr. Larson-Jarvis texted Ms. Rendon, asking her if she was okay and then later called her, asking if she could just "text [him] back and tell [him] [he] made [her] feel good." (*Id.* ¶ 8.) Ms. Rendon felt "compelled to text back." (*Id.* ¶¶ 8, 14.) In the months that followed, Mr. Larson-Jarvis reduced Ms. Rendon's hours at Circle K. (*Id.*)

Five months after the incident, Mr. Larson-Jarvis transferred to work at another Circle K and was replaced by a different store manager. (*Id.* ¶¶ 8, 15.) Ms. Rendon told her new manager about the October 29, 2018 incident, which eventually led to Circle K suspending Mr. Larson-Jarvis for five days, but not firing him. (*Id.*) Because of the alleged incident, "[Ms.] Rendon has suffered psychological trauma, physical harm, embarrassment, humiliation, and continuing severe emotional distress, and anxiety." (*Id.* ¶ 16.) Her complaint alleges claims of sex discrimination and retaliation under Title VII of

---

[4] Ms. Rendon also alleges that before this date, "[Mr. Larson-Jarvis] had flirted with [her], asked her why she did not have a boyfriend, and had deliberately brushed up against her in an offensive matter." (*Id.* ¶ 10.) She also alleges that he had texted her saying "I wonder what sex would be like with you." (*Id.*)

- 2 -

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, common law battery, and intentional infliction of emotional distress. (*Id.* at 6-8.[5]) The Title VII claims are brought solely against Circle K, while the common law battery and IIED claims are brought against Circle K and Mr. Larson-Jarvis. (*Id.*) Circle K now moves to dismiss the latter two claims against it under Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III.  DISCUSSION

As an initial matter, Circle K does not argue that the complaint fails to allege Mr.

---

[5] Ms. Rendon does not number the allegations concerning her four claims.

Larson-Jarvis' liability for common law battery and IIED.[6] It instead argues that nothing plausibly alleges Circle K is vicariously or directly liable for either claim. (Mot. at 3-6.) Without claiming that Circle K is directly liable for either claim,[7] Ms. Rendon argues in response that Circle K is "alleged to be liable for the intentional torts of i[t]s store manager under the doctrine of respondeat superior and the law of agency." (Resp. at 3.) Since Ms. Rendon does not dispute that Circle K is not directly liable for these claims, the only question is whether the complaint alleges Mr. Larson-Jarvis acted within the course and scope of his employment with Circle K when he allegedly assaulted her.[8] The Court finds no such thing alleged in the complaint.

### A. Nothing Alleges Circle K is Vicarious Liability for Mr. Larson-Jarvis' Tortious Conduct.

"An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment." *Higginbotham v. AN Motors of Scottsdale*, 228 Ariz. 550, 552, ¶ 5, 269 P.3d 726, 728 (App. 2012) (quoting *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 540, ¶ 17, 5 P.3d 249, 254 (App. 2000)); *Pruitt v. Pavelin*, 141 Ariz. 195, 205, 685 P.2d 1347, 1357 (App. 1984) ("[A]n employer is vicariously liable only for the behavior of an employee who was acting within the course and scope of his employment." (citing *Leigh v. Swartz*, 74 Ariz. 108, 245 P.2d 262 (1952); *Conchin v. El Paso & S.W.R. Co.*, 13 Ariz. 259, 108 P. 260 (1910)). Whether an employee's conduct falls within the course and scope of his employment depends on several factors, including:

> (1) whether the conduct is the kind the employee is employed to perform or that the employer had the right to control at the time of the conduct; (2) whether the conduct occurs within the authorized time and space limits; and (3) whether the conduct furthers the employer's business, even if the employer has expressly forbidden it.

---

[6] The Court assumes without deciding that these claims are adequately alleged against him.
[7] The Court notes that Ms. Rendon's complaint alleges that Circle K and Mr. Larson-Jarvis are jointly and severally liable for common law battery and IIED.
[8] Ms. Rendon does not dispute that Circle K is only vicariously liable for Mr. Larson-Jarvis' conduct if he was acting within the course and scope of his employment.

*Higginbotham*, 228 Ariz. at 552 ¶ 5, 269 P.3d at 728 (citations omitted); *see Guzman-Martinez v. Corr. Corp. of Am.*, No. CV-11-02390-PHX-NVW, 2012 WL 2873835, at *14 (D. Ariz. July 13, 2012) (noting additional factors under Arizona law to consider); *Ray Korte Chevrolet v. Simmons*, 117 Ariz. 202, 207, 571 P.2d 699, 704 (App. 1977) ("Under Arizona law, an employee is acting within the scope of his employment while he is doing any reasonable thing which his employment expressly or impliedly authorizes him to do or which may reasonably be said to have been contemplated by that employment as necessarily or probably incidental to the employment." (citations omitted)).

Circle K argues that "[Ms. Rendon] has not alleged any facts, that, accepted as true, support her vague allegation that Mr. Larson-Jarvis was acting within the course and scope of his employment when he allegedly assaulted her." (Mot. at 4.) Ms. Rendon appears to claim in response that several allegations in her complaint show such a thing.[9] (Resp. at 4-5 (citing Compl. ¶¶ 1-3, 9-14, 16)). After simply listing these allegations without argument, she claims that "under Arizona law, when a supervisor rapes a subordinate employee using his authority as a supervisor at the workplace during working hours, liability may be imputed to the employer under respondeat superior or the law of agency." (*Id.* at 6.) Circle K, in its reply, highlights how Ms. Rendon is not alleged to have been assaulted during working hours, and that her characterization of having been assaulted "during working hours" is disingenuous. (*See* Reply at 2 n.2 (noting how Ms. Rendon was allegedly assaulted after she "stopped at the Circle K store to buy coffee *on her way to her other job*" (citing Compl. ¶ 11 (emphasis in original)))). Even if Ms. Rendon was alleged to have been assaulted at Circle K by Mr. Larson-Jarvis while he was on duty, Circle K argues that this does not necessarily mean the alleged assault occurred within the course and scope of his employment. (*Id.* at 3.) In other words, it argues that "not every act committed by a supervisor at work during his working hours falls within the course and scope of

---

[9] The Court describes Ms. Rendon's argument as one that "appears to claim" because she merely lists paragraphs in her complaint without any corresponding argument. (Resp. at 4 ("Second, the specific numbered fact allegations in the Complaint include, inter alia, the following: [listing paragraphs].").

- 5 -

employment." (*Id.*) The Court finds Circle K's arguments persuasive.

Indeed, nothing in Ms. Rendon's complaint alleges that Mr. Larson-Jarvis' assault was within the course and scope of his employment with Circle K. *Cf. Guzman-Martinez*, 2012 WL 2873835, at *16. At most, it alleges that Circle K employed Ms. Rendon, she was allegedly assaulted at Circle K by an employee who was on duty, and "[Mr.] Larson-Jarvis . . . was at all times material to this Complaint . . . [a]cting on behalf of his employer, Circle K, as the store manager of its convenience store at [location], and as the supervisor of Circle K employee [Ms.] Rendon." (Compl. ¶¶ 1-3, 9, 16.) Beyond these things, which do not meaningfully identify any relationship between Mr. Larson-Jarvis' conduct and his employment with Circle K, the complaint merely alleges Mr. Larson-Jarvis' tortious conduct towards Ms. Rendon at Circle K. (*See id.* ¶¶ 10-14.) The absence of any allegations concerning how Mr. Larson-Jarvis' assault of an off-duty employee was within the course and scope of his employment at Circle K is detrimental to Ms. Rendon's assertion that Circle K is vicariously liable for the alleged tortious conduct. *See Pruitt*, 141 Ariz. at 205, 685 P.2d at 1357.

To be clear, the Court renders no judgment concerning whether an employer may be liable "when a supervisor rapes a subordinate employee using his authority as a supervisor at the workplace during working hours," as Ms. Rendon erroneously argues is the situation alleged here.[10] Not only is this not alleged in the complaint, but it ignores whether any factual allegations support a finding that Mr. Larson-Jarvis was acting within the course and scope of his employment with Circle K at the time of the alleged assault. The issue is not whether vicarious liability attaches in any given situation, but rather whether Mr. Larson-Jarvis' tortious conduct is alleged to have occurred within the course

---

[10] Ms. Rendon cites *State Dep't of Admin. v. Schallock*, 189 Ariz. 250, 941 P.2d 1275 (1997) for this proposition, even though it is not the situation alleged here. (Resp. at 6-8.) In *Schallock*, the Arizona Supreme Court found that a supervisor's sexual harassment of his subordinates may be within the scope of employment under very different circumstances than those alleged here, such as the supervisor's long history of harassment known to his employer. *See* 189 Ariz. at 257-58, 941 P.2d at 1281-82. Unlike in *Schallock*, Ms. Rendon has not alleged any facts showing Circle K knew for years about Mr. Larson-Jarvis' harassment of her, let alone anything showing a connection between his conduct and Circle K employment beyond conclusory allegations.

- 6 -

and scope of his employment in Ms. Rendon's complaint. *Higginbotham*, 228 Ariz. at 552, ¶ 5, 269 P.3d at 728; *Pruitt*, 141 Ariz. at 205, 685 P.2d at 1357; *Ray Korte Chevrolet*, 117 Ariz. at 207, 571 P.2d at 704. Beyond baldly alleging "Mr. Larson-Jarvis was acting on Circle K's behalf" and that it occurred at Circle K, (*see* Compl. ¶¶ 11-12), the factual basis supporting Ms. Rendon's conclusion, even when accepting the well-pled allegations as true, is not plausibly alleged. *Cf. Iqbal*, 556 U.S. at 678.

### B. <u>Leave to Amend Will Be Granted.</u>

Ms. Rendon requests leave to amend in the event the Court finds that dismissing her common law battery and IIED claims against Circle K is appropriate. (Resp. at 9.) Circle K objects on the basis that it previously identified the complaint's deficiencies to Ms. Rendon before filing this motion. (Reply at 4.) Notwithstanding whether Circle K previously informed Ms. Rendon of the complaint's deficiencies, and in accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [she] could not cure [her complaint's] deficiencies by amendment," the Court will give her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]"). Ms. Rendon's amended complaint must address the deficiencies identified above concerning whether Mr. Larson-Jarvis' allegedly tortious conduct occurred within the course and scope of his employment with Circle K. Ms. Rendon's amended complaint should follow the form detailed in Local Rule 7.1.

Within thirty (30) days from the date of entry of this Order, Ms. Rendon may submit an amended complaint. She must clearly designate on the face of her amended complaint that it is the "First Amended Complaint." If she decides to file an amended complaint, she is reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

### IV. CONCLUSION

Ms. Rendon's complaint inadequately alleges that Mr. Larson-Jarvis' tortious

conduct occurred within the course and scope of his employment with Circle K. Without alleging such a thing, Circle K cannot be vicarious liability for his alleged common law battery or IIED. Notwithstanding Ms. Rendon's deficient pleading, the Court will grant her leave to amend her complaint to address the deficiencies outlined above.

Accordingly,

**IT IS ORDERED GRANTING** Circle K Stores Inc's Partial Motion to Dismiss Plaintiff's Complaint. (Doc. 17.) Ms. Rendon's complaint is dismissed **WITH LEAVE TO AMEND**. If Ms. Rendon chooses not to amend her complaint within thirty (30) days, the case will proceed with all claims, but the common law battery and IIED claims will only proceed as to Mr. Larson-Jarvis.

Dated this 10th day of July, 2020.

Honorable Susan M. Brnovich
United States District Judge